UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. S1 - 4:18 CR 975 ERW |
| BAILEY COLLETTA, | ) |
| Defendant. | ) |

## GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW the United States of America, by and through Sayler Fleming, United States Attorney for the Eastern District of Missouri, and Carrie Costantin, Assistant United States Attorney for said District, and files its Sentencing Memorandum.

On September 6, 2019, defendant pled guilty to False Declarations Before the Grand Jury (Perjury) in a superseding information. The Presentence Investigation Report (PSR) calculated a total offense level of 23 and a criminal history category of I. Her advisory guideline range of imprisonment at 46 to 57 months. Defendant objects to the total offense level and requests that the court vary downward from the guideline range. The Government requests that defendant be sentenced to 24 months.

In *United States v Haack*, 403 F.3d 997 (8th Cir. 2005), the Court of Appeals described the process that the District Court should follow in determining a sentence in light of *United States v. Booker*, 125 S. Ct. 738 (2005). The Court should first determine the guideline range based upon all enhancements and the defendant's criminal history. Second, the Court should determine if any guideline departures apply. Finally, the Court should determine if the guideline range is reasonable considering all factors listed in Title 18, United States Code, Section 3553(a).

*Haack*, 1002-1003.

    I.      Objections to the PSR

The parties disagree as to the total offense level. The PSR found the total offense level was 23 and did not apply a four level reduction pursuant to §3B1.2. Defendant contends that defendant should have received a four level reduction under §3B1.2(a) as a minimal participant. The Government opposes such a reduction. United States' Response in Opposition to Defendant Colletta's Objection to Presentence Report. [Document 134]. In short, the reduction does not apply because 1) §3B1.2 Note 2 states that the mitigating role guideline is not applicable unless more than one participant was involved in the offense and 2) §2X3.1 Note 2 states that the adjustment from §3B1.2 normally would not apply because an adjustment for reduced culpability is incorporated in the base offense level for §2X3.1 (six level reduction included in base offense level).

The PSR correctly calculated a total offense level of 23 and an advisory guideline range of imprisonment at 46 to 57 months. Neither party requests a departure, although both parties agree that a variance is appropriate.

    II.     Section 3553(a) Factors

Title 18, United States Code, Section 3553(a) lists the following relevant factors to be considered by the Court in sentencing:

> 1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> 2) the need for the sentence imposed --
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> 3) the kinds of sentences available;

    4) the kinds of sentences and the sentencing range established for--
        (A) the applicable category of offenses committed by the applicable category of defendant as set forth in the guidelines...
    5) any pertinent policy statement ---
        (A) issued by the Sentencing Commission...
6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct...

The application of these factors in this case supports a sentence of imprisonment.

    A.  <u>The Nature and Circumstances of the Offense and History and Characteristics of the Defendant</u>

The Government agrees that defendant is the least culpable of the charged defendants in that she was not directly responsible for the assault of Detective Hall. Defendant ordered Detective Hall to get on the ground. She witnessed him being tackled by CDT officers as he began to comply with her orders. However, defendant lied to FBI agents about her knowledge of Detective Hall's arrest. She further lied under oath before the grand jury when, among other false statements, she stated that Detective Hall was brought to the ground very gently when she knew that he had been forcibly tackled.

Defendant was a police officer when she lied to the FBI and when she repeatedly lied under oath before the grand jury. As a police officer she knew the importance of being truthful before the grand jury. Her lies both betrayed her oath and constituted perjury.

Defendant had been a police officer for about five months when Detective Hall was assaulted. She lied to the grand jury in June 2018, when she had been a police officer for about fourteen months. Randy Hays, the most culpable defendant, was her boyfriend during this time period. The Government agrees that the Court should consider these facts in determining an appropriate sentence.

    B.  <u>The Need for the Sentence Imposed to Reflect the Seriousness of the Offense</u>

3

Defendant, a police officer, lied before the grand jury. Perjury is a serious offense and is particularly egregious when committed by a law enforcement officer. Although defendant was likely influenced by her desire to protect her boyfriend co-defendant Hays, that is no excuse for a police officer to lie before the grand jury.

For the foregoing reasons, the Government respectfully requests that the Court sentence defendant to 24 months.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*s/Carrie Costantin*
Carrie Costantin, #35925 MO
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Carrie Costantin*
CARRIE COSTANTIN #35925 MO
Assistant United States Attorney